## BOURJOIS, Inc., v. WILLINGMYRE.
### No. C–797.

District Court, D. New Jersey.

June 13, 1940.

Harry B. Rook, of Newark, N. J., and Briesen & Schrenk, of New York City, for plaintiff.

S. Huntley Beckett, of Camden, N. J., and A. J. Goldin, of Philadelphia, Pa., for defendant.

AVIS, District Judge.

The plaintiff is a corporation of the State of New York; the defendant a resident of New Jersey, and the complaint charges that defendant has infringed the plaintiff's trade-mark in the sale and distribution of toilet preparations and has also been guilty of unfair competition. Specifically, the charges are that plaintiff is the owner of two certain trade-marks, to wit, "Bourjois" and "Evening in Paris", which it has applied to certain of its products for varying lengths of time. These trade-marks are also registered in the United States Patent Office; that its product has for many years been identified by purchasers with one or the other or both of these trademarks. It is also stated that plaintiff has used a distinctive and attractive trade dress, the characteristics of which have been a combination of the colors blue and silver generally, silver stars on a blue background, and labels of triangular design, all of which have made the buying public acquainted with and familiar with plaintiff's products under the aforesaid labels and dress. It is further alleged that plaintiff manufactures its product and has large sums of money invested in its plants for manufacture and distribution of its products. It is also alleged that plaintiff in 1938 authorized Crillon Sales Corporation to pack and sell its products, using plaintiff's trade-mark, in small ten cent size packages and bottles.

The charges of the complaint against defendant are that he has packed face powder in small boxes purporting to be Bourjois Evening in Paris face powder, repacked; and bottled toilet water in small vials purporting to be Bourjois toilet water, rebottled by defendant, intending to sell same at a retail price of ten cents each, and having thereon plaintiff's trade-mark Bourjois and Evening in Paris, and embodying plaintiff's blue and silver get up, which products were sold and distributed by defendant in New Jersey and elsewhere.

The titles adopted by defendant, claimed to infringe, are set up in the complaint and a number have been offered in evidence in this proceeding.

It is further charged in the complaint that the face powder marketed by defendant was not Bourjois but spurious, and that the toilet water was also spurious and not genuine Evening in Paris, the Bourjois product; that the face powder sold by defendant is in false bottom boxes, and the quantity considerably less than contained in boxes marketed by plaintiff's representatives, and that misrepresenting display cards are used by defendant, accompanying the vials of toilet water.

It is also charged that defendant prepares and distributes a toilet water stated to contain one-half of one per cent. of the product of plaintiff marketed under the name of Evening in Paris, or at least having that name so prominently appearing on the labels as to indicate that it is plaintiff's product.

Sundry relief by way of injunction and money damages is prayed for in the complaint. The general charges in the complaint are sustained by the proofs.

An examination of the labels on the bottles, in which the toilet water is marketed by defendant, the cards accompanying same, and the boxes in which the face powder has been sold, convinces the Court that defendant has endeavored to market his product with the intention of deceiving purchasers and to induce them to believe that the content is not only genuine material of plaintiff but to indicate that the defendant's bottles and boxes are marketed directly by the plaintiff.

The facts are governed by the law laid down in the case of Bourjois, Inc., v. Hermida Laboratories, 106 F.2d 174, a case decided in this circuit. I am bound by that decision, and the facts and issues are easily distinguished from those in the Supreme Court case of Prestonettes, Inc., v. Coty, 264 U.S. 359, 44 S.Ct. 350, 68 L.Ed. 731. The labels condemned in the Circuit Court case, with the exception of the name of the repacker, contain the same words as the labels in the instant case.

Whatever the result may be on final hearing, a preliminary injunction should be issued to restrain the use of the labels and boxes heretofore and now used by defendant of the character produced before the Court and offered in evidence at the hearing. If not direct infringements, they undoubtedly constitute unfair competition of such a nature as to justify preliminary restraint. Such restraint I believe to be sufficient to protect the rights of plaintiff without at this time taking into consideration the question of the claimed adulteration or substitution of certain materials marketed by defendant.

The defendant will be restrained as aforesaid and enjoined from directly or indirectly marketing or selling the toilet water with the labels aforesaid or the face powder in the packages aforesaid, or any simulation thereof, or attaching thereto a statement similar to that heretofore used.

Terms of order will be fixed on notice.